**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 1:25-mc-00160-AHA |
| | ) | Case No. 1:25-mc-00161-AHA |
| JPK NEWCO, LLC, | ) | |
| | ) | Bankr. Case No. 25-00200-ELG |
| Debtor. | ) | |

**MOTION TO STAY CASES PENDING A**
**DISPOSITIVE DECISION IN THE UNDERLYING BANKRUPTCY CASE**

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, "Movants"), move this Court to stay these cases until after the Bankruptcy Court determines whether the underlying Chapter 11 case (25-00200-ELG) filed by JPK NewCo LLC ("JPK NewCo") was filed in bad faith. In support of their stay requests, the Movants represent to this Court as follows:

1. These cases involve the filing of a motion to withdraw the reference by the Movants in two adversary proceedings that are pending before the U.S. Bankruptcy Court for the District of Columbia (Case Nos. AP-25-10037 and AP-25-10015).

2. The Movants contend that JPK NewCo has abused the bankruptcy process by forming a sham company that was created for the sole purpose of manufacturing federal court jurisdiction over purely state law claims that were already the subject of pending litigations in the D.C. Superior Court.[1]

[1] The U.S. Trustee's Office also contended that JPK NewCo was a sham company that was manufactured by several of the parties to the adversary proceedings (and their former counsel) to create federal court jurisdiction. *See* ECF # 37 in *In Re JPK NewCo, LLC,* Case No. 24-00262-ELG.

3. The motions to withdraw the reference are opposed by JPK NewCo and the other parties to the adversary proceedings and those motions are currently pending before this Court. *See* ECF Nos. 23, 25-26, 29, and 31 in AP 25-10015 and ECF Nos. 8, 10, and 13-14 in AP 25-10037.

4. On June 23, 2025, the Movants filed a Motion to Dismiss Chapter 11 Petition Filed in Bad Faith (ECF No. 19 in 25-00200-ELG) ("Motion to Dismiss"). On July 23, 2025, the WCP Fund I filed an Opposition (ECF No. 29 in 25-00200-ELG ), and on July 24, 2025, the Debtor also filed an Opposition (ECF No. 30 in 25-00200-ELG).

5. After hearing oral argument on the Motion to Dismiss, on September 2, 2025, the Bankruptcy Court issued its Order Denying the Motion to Dismiss (ECF No. 59 in 25-00200-ELG).

6. The Movants timely appealed the Bankruptcy Court's decision to deny the Motion to Dismiss, and that appeal was assigned to U.S. District Court Judge Sparkle S. Sooknanan. *See In Re: JPK NewCo, LLC,* 1:25-cv-03250-SLS (the "Appeal Case").

7. On September 10, 2026, Judge Sooknanan issued a Memorandum Decision followed by a final order granting the Movant's appeal, vacating the Bankruptcy Court's order denying the Motion to Dismiss, and remanding the Appeal Case to the Bankruptcy Court "to examine all the relevant facts and circumstances and determine whether bad faith conduct warrants dismissal of the petition in this case." *See* ECF Nos. 23-24 in the Appeal Case.

8. On September 15, 2026 – less than a week from Judge Sooknanan's remand decision – the Debtor filed a Notice of Appeal the to the U.S. Court of Appeals for the D.C. Circuit. The appeal of Judge Sooknanan's decision was assigned Case No. 26-7694 by the D.C. Circuit Court of Appeals. *See In Re JPK Newco, LLC,* Case No. 26-7694.

9. The Debtor did not seek a stay of Judge Sooknanan's decision pending appeal to the D.C. Circuit. The D.C. Circuit has also not yet decided whether to accept the Debtor's appeal, with initial procedural filings and dispositive motions deadlines set for October 19, 2026 and November 2, 2026, respectively.

10. The Movants will soon be filing a motion to dismiss Case No. 26-7164 based upon a lack of jurisdiction. *See, e.g., In re St. Charles Preservation Investors, Ltd.*, 816 F2d. 727 (D.C. Cir. 1990) (holding that a district court order remanding a case to bankruptcy court for significant further proceedings is not final in the 28 U.S.C. § 158(d) context).

11. As a result of the remand decision, the Bankruptcy Court must against decide (a) whether to dismiss the Chapter 11 petition for bad faith and (b) what standard should be used when making that decision.

12. A hearing is set in the Bankruptcy Court on October 14, 2026 at 10:00 a.m. to, among other things, set an evidentiary hearing date for the Motion to Dismiss. *See* ECF No. 112 in 25-00200-ELG. That evidentiary hearing date will likely be set at least several months out.

**<u>The Legal Basis for the Stay Requests</u>**

13. The Court has the inherent and statutory authority to issue orders to control its docket. *See Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.") (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

14. The Bankruptcy Court and this Court's jurisdiction over these cases are entirely dependent upon whether the Bankruptcy Court determines whether JPK NewCo's underlying

Chapter 11 case was filed in bad faith. If the underlying Chapter 11 case is dismissed, both the Bankruptcy Court and this Court will not have any jurisdiction over these cases. As a result, and as a matter of judicial economy, this Court should refrain from deciding any issues in these cases until after the Motion to Dismiss has been decided.

15. Staying these cases for what will likely be a brief period will preserve the parties and this Court's resources. The Movants can also submit a status report to this Court on a periodic basis to keep this Court apprised as to status of any decisions made by the Bankruptcy Court on the Motion to Dismiss. A proposed order is attached.

Dated: October 9, 2026

**DEVELOPER RE1, LLC AND 423 KENNEDY ST HOLDINGS, LLC,**

/s/ James D. Sadowski

James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Email: jds@gdllaw.com

Jeremy S. Williams (DC 994825)
KUTAK ROCK LLP
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: jeremy.williams@kutakrock.com

*Co-Counsel for Developer RE1, LLC and 423 Kennedy St Holdings, LLC*

**CERTIFICATE PURSUANT TO LCVR 7(M)**

I HEREBY CERTIFY that pursuant to Local Civil Rule 7(m), counsel for Movants discussed this Motion with opposing counsel, Mr. VerStandig via e-mail and a phone call on October 7, 2026. Opposing counsel does not consent to the Motion.

/s/ James D. Sadowski
James D. Sadowski

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of October, 2026, a true copy of the foregoing Motion was served electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 1:25-mc-00160-AHA<br>Case No. 1:25-mc-00161-AHA |
| JPK NEWCO, LLC, | ) | Bankr. Case No. 25-00200-ELG |
| Debtor. | ) | |

**[PROPOSED] ORDER GRANTING OPPOSED MOTION TO STAY CASES PENDING A DISPOSITIVE DECISION IN THE UNDERLYING BANKRUPTCY CASE**

UPON CONSIDERATION of the Motion to Stay Cases Pending a Dispositive Decision in the Underlying Bankruptcy Case ("Motion"), it is this _____ day of ______________, 2026, hereby:

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that this case is stayed pending further order of the Court.

______________________________
U.S. District Court Judge

Copies to: All counsel by ECF